IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-cr-40053-JPG-1 |
| JONATHAN M. WATKINS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Jonathan M. Watkins's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 211). The Government has responded to the motion arguing that the defendant is not eligible for a reduction (Doc. 213). The defendant did not reply to the Government's response, although he was given an opportunity to do so.

Watkins pled guilty to one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 19,441.41 kilograms of converted drug weight, which comprised methamphetamine ice and a mixture and substance containing methamphetamine. *See* 1st Rev. PSR ¶ 26. Under U.S.S.G.[1] § 2D1.1, this yielded a base offense level of 34. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because the defendant possessed a dangerous weapon and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crimes. The total offense level was therefore 33.

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2018 version.

The defendant was in criminal history category IV based on his accumulation of 9 criminal history points, 2 of which were assessed because he was under a criminal sentence when he committed the offenses of conviction ("status points"). *See* 1st Rev. PSR ¶¶ 51-53. This yielded a guideline sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 188 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence. Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2] Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points. This does not apply to the defendant because he was assessed criminal history points.

2

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 821 did not lower the defendant's guideline sentencing range. It is true that it reduced the defendant's criminal history points from 9 to 8, but he still falls within criminal history category IV. *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A. Thus, Amendment 821 did not result in a lower criminal history category, and it did not lower the defendant's guideline sentencing range.

For the foregoing reasons, the Court **DENIES** Watkins's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 211).

**IT IS SO ORDERED.**
**DATED:   October 29, 2024**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **U.S. DISTRICT JUDGE**